# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **PLASSIE ORDON** | **CIVIL ACTION NO. 09-0164** |
| LA. DOC #435530 | |
| VS. | **SECTION P** |
| | **JUDGE MELANÇON** |
| **WARDEN JACK** | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Plassie Ordon, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 29, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the South Louisiana Correctional Center (SLCC), Basile, Louisiana. He complains that due to overcrowding, he was required to sleep on a mattress on the floor for 12 nights. He claims that his back was injured and that he received insect bites. Plaintiff sued SLCC's Warden Jack in his original complaint; in his amended complaint he sued Warden Drew Bergeron and the Secretary of the LDOC. He prayed for "medical reoccurring damages and punitive damages in the amount of $250,000."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Plaintiff is an inmate in the custody of the LDOC. He is incarcerated at the SLCC. On January 1, 2009 plaintiff was removed from his previously assigned bed, provided with a mattress and required to sleep on the floor because the facility was overcrowded. According to plaintiff, he was forced to endure these conditions until January 12, 2009 when he was again provided a bed. During this 12-day period plaintiff claimed that he suffered "back complication" and insect bites. He claimed that he sought and was provided medical treatment.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v.*

*Williams*, 490 U.S. 319, 327, 109 S .Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff filed an original complaint. That complaint was reviewed and plaintiff was instructed on the applicable law and directed to amend his complaint to provide additional details. In particular, plaintiff was directed to "...SPECIFICALLY DETAIL THE NATURE AND EXTENT OF THE INJURY HE CLAIMS TO HAVE SUFFERED AS A RESULT OF THE CONDITIONS OF CONFINEMENT AND, HE SHOULD ALLEGE FACTS TO SUPPORT HIS CLAIM THAT THE INJURY HE SUSTAINED WAS RELATED TO THE CONDITIONS COMPLAINED OF..." [rec. doc. 5] On April 23, 2009 he filed an amended complaint. [rec. doc. 6] Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his §1983 complaint should be dismissed pursuant to 28 U.S.C. §1915 as frivolous.

## *2. Conditions of Confinement*

Conditions of confinement claims asserted by convicted prisoners such as plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such a claim, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (quotation omitted).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual

punishment under the Eighth Amendment. *Id."* Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Plaintiff's complaint simply does not rise to the level of an Eighth Amendment violation.

As shown above, federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff slept on a mattress on the floor for 12 nights – and that condition, standing alone, cannot seriously be described as having exposed plaintiff to a substantial risk of serious harm.

Further, to recover damages for exposure to allegedly dangerous conditions of confinement, a prisoner must show that he suffered an actual physical injury which is more than *de minimis*. See 42 U.S.C. § 1997e(e); *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003, *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). As shown above, plaintiff was directed to specify the nature of the injury he sustained as a result of having to sleep on a mattress on the floor for 12 nights. In response to that directive he alleged, as he did in the original complaint, that he "... suffer back injury and received insect bites..." [rec. doc. 6, ¶1]; and that he experienced "... back complication and insect bites..." [*Id*, ¶5] .

Plaintiff has not alleged that he sustained anything other than *de minimis* harm or injury[1] as a result of his brief exposure to the complained of condition. Plaintiff, at worst, was inconvenienced and not injured or otherwise harmed by the condition complained of; this condition cannot rationally be equated to "cruel and unusual punishment" since the deprivations alleged were not so extreme as to "... rise to a level that results in physical torture ..." *Bradley v. Puckett*, 157 F.3d at 1025. The injuries sustained by sleeping on a mattress on the floor, if any, were *de minimis*, at worst. Thus, plaintiff's Eighth Amendment conditions of confinement claim is frivolous.

*3. Conclusion and Recommendation*

Based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

---

[1] It has been suggested that "... an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?" *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D.Tex.1997). A more than *de minimis* physical injury, as defined by the jurisprudence, "... is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." *Id.* (emphasis supplied).

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 17, 2009.

.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)